UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYCHAL OWENS,<br><br>      Plaintiff,<br><br> v.<br><br>JOHN DOE, et al.,<br><br>      Defendants. | CASE NO. C17-1027-JCC-BAT<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND DENYING MOTION TO APPOINT OF COUNSEL** |

Plaintiff Mychal Owens has filed a motion for extension of time to complete discovery (Dkt. 21) and a motion to appoint counsel (Dkt. 22). For the following reasons, the Court **GRANTS** the motion for extension of time and **DENIES** the motion to appoint counsel.

<u>EXTENSION OF TIME TO COMPLETE DISCOVERY</u>

Previously, the Court granted Mr. Owens a 30-day extension of time, from December 10, 2017, to January 9, 2018, to complete discovery because he was being transferred to another institution and would not have access to his legal materials during the transfer. Dkt. 17, 20. Mr. Owens now requests an additional extension of time, stating that he has not received his legal materials at his new facility. Dkt. 21. Defendants have responded stating that they do not oppose an extension of time for 30 days. Dkt. 24. The Court **GRANTS** the motion (Dkt. 21) and **ORDERS** as follows:

ORDER GRANTING MOTION FOR
EXTENSION OF TIME TO COMPLETE
DISCOVERY AND DENYING MOTION TO
APPOINT OF COUNSEL - 1

1.     The deadline to complete discovery is extended from January 9, 2018 to **February 8, 2018.**

2.     The deadline to file and serve dispositive motions is extended from February 8, 2018 to **March 12, 2018.**

## MOTION TO APPOINT COUNSEL

The Court previously denied Mr. Owens's two motions to appoint counsel without prejudice. Dkt. 15. Mr. Owens has renewed his request for appointment of counsel. Dkt. 22. As the Court noted before, generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The Court finds that, as with his first two requests, Mr. Owens has not presented exceptional circumstances that would justify the appointment of counsel at this early stage of the litigation. Accordingly, the Court **DENIES** Mr. Owens's motion to appoint counsel (Dkt. 22) **without prejudice**.

The Clerk shall send a copy of this Order to Mr. Owens.

DATED this 18th day of December, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge