1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   MYCHAL OWENS,

9                          Plaintiff,                    CASE NO. C17-1027 JCC-BAT

10          v.                                           **REPORT AND**
                                                         **RECOMMENDATION**
11  JOHN DOE, et al.,

12                         Defendants.

13          Mychal Owens brings claims under 42 U.S.C. § 1983 against John Doe, Daniel White the

14  former Superintendent of Monroe Corrections Complex (MCC), Christopher Bowman the

15  Associate Superintendent of Washington State Penitentiary (WSP), Walla Walla, and Timothy

16  Thrasher a Department of Corrections Manager. *See* Dkt. 5. Mr. Owens claims John Doe

17  violated his privacy, conducted an unreasonable search, and imposed on him cruel and unusual

18  punishment by placing a secret hidden camera in his cell that took videos of him. He further

19  alleges defendants White, Bowman, and Thrasher, failed to adequately investigate the matter,

20  failed to sufficiently respond to grievances Mr. Owens lodged, and are somehow responsible for

21  the hidden camera in his cell. *Id.*

22          On March 9, 2018, defendants moved for summary judgment. Dkt. 29. In response, Mr.

23  Owens filed a motion for voluntary dismissal without prejudice. Dkt. 33. After careful review,

REPORT AND RECOMMENDATION - 1

the undersigned recommends Mr. Owens' motion for voluntary dismissal be granted. If the Court

concludes the motion for voluntary dismissal should be denied, and that the merits of

Defendants' Motion for Summary Judgment should be determined, it is recommended summary

judgment be granted and the case be dismissed with prejudice.

### THE COMPLAINT'S ALLEGATIONS

Mr. Owens' complaint alleges "in November and December 2015, in the intensive

management unit of Monroe Corrections Complex, John Doe placed my cell under surveillance

in secret through use of hidden cameras." Dkt 5 at 3. He contends the secret camera violated his

right to privacy, constitutes an unreasonable search, and constitutes cruel and unusual

punishment. *Id.* at 3-4. The complaint also alleges defendants White, Bowman, and Thrasher are

liable for "Failure to Act." *Id.* at 4. In specific, Mr. Owens alleges Mr. White "through deliberate

indifference allowed this to continue in failing to act, despite his position of authority. He never

conducted any meaningful investigation into the matter." *Id.* Mr. Owens also alleges he sent

letters and grievances to Mr. Bowman "but his refusal to act has allowed the frequency and

volume of the violations to increase." *Id.* at 5. And finally, Mr. Owens alleges Mr. Thrasher who

responded to a grievance "failed to act which symbolizes his implicit authorization." *Id.*

### FACTS ASSERTED BY DEFENDANTS

Defendants acknowledge Mr. Owens was incarcerated in the Intensive Management Unit

(IMU) at the MCC during the time period in which the alleged violations occurred. Dkt. 29. In

January 2016, Mr. Owens submitted a "level I" grievance claiming he was "watched and

recorded on camera while INSIDE my cell," . . . and that the "cameras are concealed." Dkt. 30

(Declaration of White Exhibit 1/1). In response, a Department of Corrections (DOC) grievance

coordinator responded indicating "the cameras are not pointed directly into your cell. You do

1  have privacy while in your cell." *Id.* Mr. Owens appealed the grievance. Defendant White

2  responded stating:

3      I have reviewed the level I investigation and concur with the
       findings. The cameras on the unit are for safety and security. Since

4      they are considered a security device the specific capabilities of
       our cameras are not made available to offenders. The purpose of

5      the cameras is to monitor offenders while they are outside of their
       cell. All cameras are mounted in plain view. There are no cameras

6      mounted inside your cell.

7  *Id.* at Exhibit 1/3. Mr. White also avers he has no knowledge or reason to believe that there exists

8  any video like the one described by Mr. Owens' grievance and that "if such a video had existed I

9  would have been aware of it given my position at MCC." Dkt. 30 at 2. Mr. Owens appealed

10 Defendant White's Level II decision and Defendant Thrasher and Scott Russell (non-defendant)

11 concurred with the previous DOC grievance responses. *Id.* at Exhibit 1/4.

12     In addition to submitting grievances about a secret camera in his cell, Mr. Owens also

13 sent several letters to other DOC employees. Defendant Bowman states that on January 18, 2017,

14 he responded to a letter Mr. Owens mailed to WSP Superintendent Donald Holbrook, and

15 informed Mr. Owens that "the inside of the cells do not have any recording equipment; therefore

16 they are not recorded and there is no video of the nature you suggest." Dkt. 31, Exhibit 1/2. On

17 January 30, 2017, Mr. Bowman responded to another letter Mr. Owens sent about videos taken

18 from inside his cell. Mr. Bowman stated "Again, we have no such video at WSP." *Id.*, Exhibit

19 2/2.  On March 29, 2017, Mr. Bowman again responded to a letter Mr. Owens sent about

20 obtaining videos taken by a secret camera in his cell. Mr. Bowman indicated that as noted in his

21 January 30, 2017, letter, Mr. Owens should "follow the public disclosure process outlined in

22 DOC Policy 280.510 Public Disclosure of Records."  Mr. Bowman noted Mr. Owen's struggles

23 with obtaining public records but ended the letter indicating public disclosure is a resource

REPORT AND RECOMMENDATION - 3

1    option that is available and as such "I deem the subject closed and will not respond to any further

2    correspondence." *Id*. Exhibit 3/2.

3                                               **DISCUSSION**

4    **A.    Interplay Between Voluntary Dismissal and Summary Judgment**

5                In response to defendant's summary judgment motion, Mr. Owens filed a "motion to

6    withdraw/voluntarily dismiss." Dkt. 33. After a motion for summary judgment is filed, and

7    absent a stipulation by all parties who have appeared, "an action may be dismissed at the

8    plaintiff's request, only by court order, on terms that the court considers proper." Fed. R. Civ. P.

9    41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound

10   discretion of the District Court, and its order will not be reversed unless [it] has abused its

11   discretion." *Hamilton v. Firestone Tire & Rubber Co*., 679 F.2d 143, 145 (9th Cir. 1982).

12   Nevertheless, "[a] district court should grant a motion for voluntary dismissal under Rule

13   41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."

14   *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *see also Westlands*

15   *Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

16               The court must therefore determine whether defendants will suffer plain legal prejudice if

17   the case is voluntarily dismissed. Legal prejudice is "prejudice to some legal interest, some legal

18   claim, some legal argument." *Id*. at 97. Plain legal prejudice does not result simply because a suit

19   remains unresolved, *id*., the defendant faces the prospect of a second lawsuit, or the plaintiff

20   stands to gain some tactical advantage, *Hamilton*, 679 F.2d at 145. The Ninth Circuit has

21   specified that neither the fact that a defendant has incurred substantial expense, nor the fact that a

22   defendant has begun trial preparations establishes legal prejudice warranting the denial of a

23   motion under Rule 41(a)(2). *Id*. at 145–46.

Defendants contend they will suffer plain legal prejudice because by voluntarily dismissing the complaint, Mr. Owens will avoid a decision on the merits of defendants' pending summary judgment motion. However, a pending motion for summary judgment is only a factor to be considered and does not mandate that dismissal under Rule 41(a)(2) is inappropriate. *See, e.g., Creative Labs, Inc. v. Orchid Tech*., No. C 93–4329TEH, 1997 WL 588923, at *2 (N.D. Cal. Sept.12, 1997); *see also Gunderson v. Alaska Airlines, Inc*., No. C06–1340MJP, 2007 WL 4246176, at *3 (W.D. Wash. Nov.29, 2007). As the court in *Creative Labs* reasoned:

> While granting plaintiffs' request for voluntary dismissal would prevent the Court from ruling on defendants [sic] motion, it would not preclude defendants from raising the same arguments and defenses in subsequent litigation. In fact, there is no readily apparent reason why defendants could not resubmit their summary judgment motion should plaintiffs refile this suit. Consequently, suspending a decision on the merits of defendants' motion does not create the type of legal prejudice that the Ninth Circuit has found sufficient to prevent a plaintiff from voluntarily dismissing a case.

1997 WL 588923, at *2. Hence the prospect defendants will have to refile its summary judgment motion does not constitute legal prejudice sufficient to deny Mr. Owens' motion for voluntary dismissal.

The Court recognizes defendants have incurred expenses in the defense of this federal action. The Ninth Circuit rejects this type of inconvenience and expense as a basis for finding plain legal prejudice in the context of a Rule 41(a)(2) motion. *See, e.g., In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir. 1995) ("[T]he inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice."); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton*, 679 F.2d at 146 ("Appellant's contention that appellee should have been estopped from requesting a voluntary dismissal,

because appellant was put to significant expense in preparing and filing its pleadings, is without merit.").

In sum, the Court is mindful that defendants desire to resolve this lawsuit once and for all. While defendants' desire is reasonable, the Court concludes defendants will not suffer plain legal prejudice if the case is voluntarily dismissed. The Court accordingly recommends Mr. Owens' motion for voluntary dismissal without prejudice be granted. If the District Court concludes granting voluntary dismissal would prejudice defendants, the Court recommends, for the reasons below, that defendants' motion for summary judgment be granted and the case be dismissed with prejudice.

**B.      Summary Judgment**

   *1.      Standard of Review*

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). "If the moving party shows the absence of a genuine issue of material fact, the non-

REPORT AND RECOMMENDATION - 6

moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

### 2. *Existence of Secret Camera in Mr. Owen's Cell*

Mr. Owens' claim rises and falls on the existence of a secret hidden camera in his cell that took videos of him. If Mr. Owens cannot establish there was a secret camera, he cannot show John Doe violated his privacy, freedom from unreasonable search, and imposed cruel and unusual punishment, or that defendants White, Bowman, and Thrasher inappropriately investigated the matter or improperly responded to Mr. Owens' grievances. Here, Mr. Owens has not provided any evidence that tends to support this claim. He has not responded to defendants' motion for summary judgment and thus has not refuted their declarations averring that there were no hidden cameras in Mr. Owens' cell and thus no secret video recordings of him. The Court also notes the complaint alleges there is a secret and hidden camera. There is no allegation or evidence Mr. Owens actually saw the "hidden" and "secret" camera in this cell. Hence other than the unsupported allegations contained in the complaint, Mr. Owens has not presented a scintilla of evidence that tends to support his claim about a secret camera in his cell.

In sum, as Mr. Owens presents nothing tending to support there was a hidden camera in his cell, and because defendants present evidence that there was no hidden camera, the complaint

cannot survive summary judgment.[1]  The Court accordingly recommends that if the assigned

District Judge, denies Mr. Owens' motion for voluntary dismissal and finds it appropriate to

determine the merits of defendants' motion for summary judgment, that the motion be granted,

and the case be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of

appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 30,**

**2018.** The Clerk should note the matter for **May 4, 2018**, as ready for the District Judge's

consideration if no objection is filed.  If objections are filed, any response is due within 14 days

after being served with the objections.  A party filing an objection must note the matter for the

Court's consideration 14 days from the date the objection is filed and served.  The matter will

then be ready for the Court's consideration on the date the response is due.  Objections and

responses shall not exceed 8 pages.  The failure to timely object may affect the right to appeal.

DATED this 16th day of April, 2018.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] The Court notes but need not reach defendants' legal arguments that Mr. Owens has not
demonstrated violations of the Fourth, Eighth and Fourteenth Amendments, and has also failed
to establish defendants' personal participation, which is an element of a § 1983 action, as there is
no evidence there was a hidden camera.

REPORT AND RECOMMENDATION - 8